|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| WASHINGTON STATE REPUBLICAN PARTY, et al., | No. C05−927Z |
| Plaintiffs,<br>and | ORDER |
| WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE, et al., | |
| Plaintiff Intervenors,<br>and | |
| LIBERTARIAN PARTY OF WASHINGTON STATE, et al., | |
| Plaintiff Intervenors, | |
| v. | |
| DEAN LOGAN, King County Records & Elections Division Manager, et al., | |
| Defendants, | |
| STATE OF WASHINGTON, | |
| Defendant Intervenors,<br>and | |
| WASHINGTON STATE GRANGE, | |
| Defendant Intervenors. | |

ORDER - 1

Plaintiff Republican Party sought a status conference by letter dated August 8, 2005. See Letter from John J. White, docket no. 105. The Republican Party sought clarification of the status of two claims in light of this Court's Order on Summary Judgment, docket no. 87, and Permanent Injunction, docket no. 94. First, Plaintiff asks the Court to consider its challenge to Wash. Rev. Code § 29A.24.031, the filing statute under the "Montana" primary. Second, Plaintiff asks the Court to address its challenge "on equal protection grounds, of protections under state law granted to minor parties with regard to the use of their name by candidates not authorized by the minor party to use the name." See Letter, docket no. 105.

Pursuant to the Plaintiff Republican Party's request, the Court held a telephone status conference, on the record, on Friday, August 12, 2005. After considering the argument of counsel and being fully advised, the Court enters the following Order:

(1) The Court CLARIFIES its Order on Summary Judgment, docket no. 87. That Order did not decide whether the "Montana" primary filing statute, Wash. Rev. Code § 29A.24.031, was unconstitutional as part of the "Montana" primary system. That issue was not properly raised by the parties in connection with the stipulated legal issues agreed to by the parties for expedited briefing. See Stipulated Statement of Legal Issues, docket no. 40. In addition, the issue was not clearly identified by the Supplemental Motion for Summary Judgment filed by the Plaintiff Republican Party. See Republican Supplement, docket no. 63.

(2) The Court's Order on Summary Judgment "[did] not reach the equal protection argument raised by the Republican Party" because the Court found Initiative 872 unconstitutional on other grounds. See Order, docket no. 87, at 34.

(3) The Court concludes in the interest of justice this action should be and hereby is STAYED in light of the pending appeals to the Ninth Circuit. See Notices of Appeal, docket nos. 95, 97; see also Marathon Oil Co. v. United States, 807 F.2d 759, 764-65 (9th Cir. 1986).

(4)  The Court further STAYS consideration of any motion for attorneys' fees until further Order by the Court.

IT IS SO ORDERED.

Dated this 12th day of August, 2005.

                                          /s/ Thomas S. Zilly
                                          Thomas S. Zilly
                                          United States District Judge

ORDER - 3