THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE REPUBLICAN PARTY, BERTABELLE HUBKA, STEVE NEIGHBORS, MARCY COLLINS, MICHAEL YOUNG, DIANE TEBELIUS, MIKE GASTON,<br><br>　　　　Plaintiffs,<br><br>　　and,<br><br>WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE, PAUL BERENDT,<br><br>　　　　Plaintiff-Intervenors,<br><br>　　and,<br><br>LIBERTARIAN PARTY OF WASHINGTON STATE, RUTH BENNETT, J. S. MILLS,<br><br>　　　　Plaintiff-Intervenors,<br><br>　　　　v.<br><br>WASHINGTON STATE GRANGE,<br><br>　　　　Defendant-Intervenor,<br><br>　　and,<br><br>STATE OF WASHINGTON, ROB MCKENNA, SAM REED,<br><br>　　　　Defendant-Intervenors. | Case No. C05-0927-JCC<br><br>ORDER |

ORDER
PAGE - 1

1   This matter comes before the Court on the Libertarian Party's Motion to Amend
2   Complaint (Dkt. No. 207), the State of Washington's Response (Dkt. No. 215), the Grange's
3   Response (Dkt. No. 208), and the Libertarian Party's Reply (Dkt. No. 222). This matter also
4   comes before the Court on Washington State's Motion to Strike Democrats' First Amended
5   and Supplemental Complaint (Dkt. No. 211), the Grange's Motion to Strike (Dkt. No. 212), the
6   Democratic Party's Response (Dkt. No. 217), the State's Reply (Dkt. No. 223), and the
7   Grange's Reply (Dkt. No. 225). This matter also comes before the Court on Washington
8   State's Motion to Strike Republicans' Supplemental and Amended Complaint (Dkt. No. 213),
9   the Grange's Motion to Strike (Dkt. No. 214), the Republican Party's Response (Dkt. No. 219),
10  the State's Reply (Dkt. No. 224), and the Grange's Reply (Dkt. No. 226). Having thoroughly
11  considered the parties' briefing and the relevant record, the Court hereby DENIES the Motions
12  to Strike the Democratic Party's Amended Complaint (Dkt. Nos. 211, 212), DENIES IN PART
13  and GRANTS IN PART the Motions to Strike the Republican Party's Amended Complaint
14  (Dkt. Nos. 213, 214), and GRANTS the Libertarian Party's Motion to Amend (Dkt. No. 207),
15  for the reasons that follow.

16  **I.    BACKGROUND**

17  The underlying litigation concerns the constitutionality of Washington's Initiative 872
18  ("I-872"), which established a "top two" primary system. Plaintiffs, three of Washington's
19  political parties, claimed, among other things, that the system was facially unconstitutional.
20  This Court initially agreed, (*see* Order Granting Summ. J. (Dkt. No. 87)), and the Ninth Circuit
21  affirmed. *Wash. State Republican Party v. Washington*, 460 F.3d 1108, 1125 (9th Cir. 2006).
22  The Ninth Circuit panel held that a candidate's self-identification of party preference created
23  an association between the candidate and the party that constituted "a severe burden on
24  political parties' associational rights," and the burden could not be justified as narrowly
25  tailored to compelling state interests. *Id.* at 1121, 1123. Accordingly, the panel held I-872 to be
26  unconstitutional on its face. *Id.* at 1124.

ORDER
PAGE - 2

The United States Supreme Court reversed, holding that I-872 was facially constitutional. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 459 (2008). The Court emphasized that Plaintiffs' facial challenge could only succeed if Plaintiffs demonstrated that "the law [was] unconstitutional in all of its applications." *Id.* at 449. The Court found that each of Plaintiffs' arguments "rests on factual assumptions about voter confusion," and "in the absence of evidence," it could not find that Washington's voters will be misled. *Id.* The Court explained that I-872 *could* be implemented in such a way as to make clear that a candidate's party-preference designation does not constitute an endorsement from or association with that political party. *Id.* at 456–57.

On remand, the Ninth Circuit vacated its prior opinion. *Wash. State Republican Party v. Washington ("Wash. Rep. II")*, 545 F.3d 1125, 1126 (9th Cir. 2008). The panel remanded the case back to this Court with instructions to (1) "dismiss all facial associational rights claims challenging [I-872]"; (2) "dismiss all equal protection claims," because I-872 repealed the regulations differentiating between major and minor parties; and (3) "dismiss as waived all claims that [I-872] imposes illegal qualifications for federal office, sets illegal timing for federal elections or imposes discriminatory campaign finance rules because these claims were neither pled by the parties nor addressed in summary judgment by the district court." *Id.* In contrast, the panel suggested that this Court "may allow the parties to further develop the record with respect to the claims that [I-872] unconstitutionally constrains access to the ballot and appropriates the political parties' trademarks, to the extent these claims have not been waived or disposed of by the Supreme Court." *Id.*

On August 20, 2009, this Court considered a host of motions, including the Republican and Democratic Parties' motions to supplement and amend their complaints. (*See* Dkt. No. 184 at 19–24 (Order), (Dkt. Nos. 137, 140 (Republican and Democratic Parties' original motions to amend).) The political parties originally sought to supplement the Complaints with additional factual allegations to support as-applied challenges to the implementation of I-872 that was

ORDER
PAGE - 3

adopted once this Court's injunction was lifted. (*See* Dkt. No. 137 at 8; Dkt. No. 140 at 2.) They also sought to add a novel state constitutional claim, citing the intervening case of *Washington Citizens Action of Washington v. State ("WCAW")*, 171 P.3d 486 (Wash. 2007) for the argument that I-872 was an invalid enactment because it failed to identify each of the legislative provisions that it repealed. (Dkt. No. 137 at 7–8; Dkt. No. 140 at 2.)

This Court granted the motions to amend in part. The Court emphasized the need to amend the pleadings in this matter to focus on the specific, as-applied (not facial) challenges to the current implementation of I-872. (Order 20 (Dkt. No. 84).) The Court approved the Republican and Democratic Parties' requests to update their pleadings to reflect the changed parties in the litigation and add relevant facts, so long as any new factual allegations were relevant to the current, ongoing as-applied First Amendment challenge. (*Id.*) That Order also directed Plaintiffs to amend their pleadings to reflect the specific challenges to the State's implementation of I-872, and to the specific relief they request to remedy the alleged harms. (*Id.*) The Court drew Plaintiffs' attention to the fact that their requested relief—"declaring I-872 unconstitutional and declaring that the primary system in effect immediately before the passage of I-872 remains in effect"— was no longer available. (*Id.* at 20–21.) The Court directed Plaintiffs to modify their remedies section in light of the narrowed scope of the issues. Finally, the Court denied the Republican and Democratic Parties' request to add novel challenges to I-872's enactment based on Article II, Section 37 of the Washington Constitution, on several grounds—one of which was jurisdictional. (*Id.* at 21–24.)

The Republican and Democratic parties responded to the Court's Order by filing amended complaints. (Dkt. Nos. 205, 206.) The Libertarian Party also moved to amend its complaint. (Dkt. No. 207.) Washington State ("the State") and Washington State Grange ("the Grange") now move to strike the amended complaints, on grounds that they were not filed in compliance with applicable rules of procedure, and that the amended complaints failed to comply with the Court's August 20, 2009, Order.

ORDER
PAGE - 4

## II. DISCUSSION

Many trees have died in the bringing of these motions. Despite the onslaught of paper, the issues actually presented to the Court for decision are few.

### A. Procedure

The Grange[1] asserts that the Republican and Democratic Parties did not seek leave to amend their complaints, and that they are therefore out of compliance with Federal Rule of Civil Procedure 15. (Grange's Motions to Strike 2–3 (Dkt. Nos. 212, 214).) This argument is meritless. The Court granted both parties leave to amend in its August 20, 2009, Order. These parties were not required to seek additional leave to amend.

### B. Deletion

The parties' main disagreement, as evidenced by the Replies, is the extent to which the political parties were required to delete parts of their original complaints that have been rejected on the merits during prior stages of this litigation, including by the United States Supreme Court.

Generally, the grant or denial of a motion to amend is committed to the discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); FED. R. CIV. P. 15(a)(2). That said, plaintiffs are masters of their complaints. *Webster v. Reproductive Health Servs.*, 492 U.S. 490, 512 (1989). The prior Order did not specifically direct the parties to *delete* any claims—only to *update* their pleadings. (Order 20 (Dkt. No. 84).)  The parties have alerted the Court to no case that discusses amending a complaint after remand, and the Court is not aware of any requirement that a complaint be re-filed to delete claims that have been dismissed. Nor is this the Court's ordinary practice: the Court does not generally require a party to re-file its complaint after claims have been dismissed, or after claims have been decided on partial summary judgment. Of course, there is no need to keep the facial constitutional challenge in

---

[1] The State did not join in the Grange's argument.

ORDER
PAGE - 5

the parties' complaints, because there is no need to preserve those claims for appeal: all claims that I-872 is facially unconstitutional have been decided by the Supreme Court.[2] No party is honestly contesting that the facial constitutional challenges remain viable. *See Grange*, 552 U.S. at 459 ; *Wash. Rep. II*, 545 F.3d at 1126; (*see also* Dkt. No. 217 at 4 ("The Democratic Party has no intention of ignoring decisions of this Court or of any other court.").)

       This argument strikes the Court as largely academic. There can be no doubt that the political parties would have made everyone's job easier had they chosen to delete claims that had been finally and conclusively determined by the highest Court. The Court specifically drew the parties' attention to the need to streamline this litigation in its second phase to focus on an as-applied challenge, and, of course, the Court will not entertain claims that have been actually litigated and decided. But the Court's opinion on the artfulness of a pleading, and opposing counsel's irritation at having to parse through a half-dead complaint, are not reasons to require a Plaintiff to delete and re-file its complaint. The Court therefore declines to strike paragraphs 1–5, 11–12, 14–16, 32–38, 40, 42–45, 48–50, 53, 56–58, or the old prayer for relief in the Democratic Party's First Amended and Supplemental Complaint. The Court similarly declines to strike paragraphs 1–4, 6, 12–17, 39–40, 41–43, 48–53, 56– 57, 61, 63, 65–67, or the old prayer for relief in the Republican Party's Supplemental and Amended Complaint. Nor does the Court take issue with the non-deleted portions of the summary of action, paragraphs 7–21, 23–27, 37–39, 41–43, 46–48, or the old prayer for relief in the Libertarian Party's Proposed Amended Complaint. The Court hastens to observe that Defendants need waste no energy in addressing dismissed claims in any document before this Court. The political parties are, presumably, familiar with principles of *res judicata*, and with Rule 11.

---

[2] Some claims—such as the equal-protection claims—are no longer live for decision by this Court or by the Ninth Circuit, *Wash. Rep. II*, 545 F.3d at 1126, and certain others—such as the ballot-access and trademark claims—have been dismissed only by this Court. (Order 15, 18 (Dkt. No. 184).) Because of the parties' continued ability to appeal those claims at least once, the Court would not under any circumstances require deletion of those claims from pleadings.

ORDER
PAGE - 6

**C. Additional Factual Allegations**

The State and the Grange assert that many of the factual allegations in the three political parties' amended complaints do not comply with this Court's prior Order, which provided, in relevant part:

> Although not strictly necessary, the Court also approves Plaintiffs' requests to update their pleadings to reflect the changed parties in the litigation and to add any relevant facts that have occurred since the original filings. However, any new factual allegations should be relevant to the ongoing as-applied First Amendment challenge. For example, the Court is doubtful of the necessity of "[s]upplement[ing] the factual allegations with respect to the proposed implementation of [I-872] that led to this litigation." (Dem. Mot. to Amend. 2 (Dkt. No. 137).) One seeking declaratory and injunctive relief may only bring an as-applied challenge to a statute *as it is currently being applied.* At this juncture, therefore, any alleged deficiencies with the initial proposed implementation of I-872 are irrelevant. If Plaintiffs wish to include such facts to explain the history of the litigation or to provide necessary context, the Court is not opposed; however, Plaintiffs should limit their allegations of constitutional violations to the *current* implementation of I-872.

(Order 20 (Dkt. No. 184).) The Court's prior Order, therefore, was a *partial* grant of the prior motion to amend, requiring the parties to limit their *new* factual allegations to facts that would be relevant to an as-applied challenge. The Court has the ability to enforce its prior Orders. Local Rules W.D. Wash. GR 3(d).

The Republican and Democratic Parties hardly changed their factual sections in response to this mandate, apparently believing that the proposed amended complaints that they submitted to the Court along with their motions to amend complied with the Court's admonitions. However out of step they may be with the spirit of the Court's prior Order, the Court can see no prejudice in allowing the included facts to remain in place. For example, all three amended complaints contain new factual allegations discussing the Washington State Grange's actions in filing and campaigning for the passage of I-872. (*See* Dkt. No. 218 at 14, Dkt. No. 206 at 7–8; Dkt. No. 207 at 16.) The new facts discuss the Grange's campaign strategy that, essentially, represented that the blanket primary and the top-two primary were indistinguishable. Although the Court fails to see the relevance of these facts to an as-applied

ORDER
PAGE - 7

challenge, the Court has indicated that it is "not opposed" to such factual allegations to "explain the history of the litigation." (Order 20 (Dkt. No. 184).) Conceivably, those paragraphs—and even those paragraphs that seem in place only as related to the Washington Constitutional challenge—could remain in the pleadings for that purpose. There is no rule of pleading that requires every single alleged fact to be strictly relevant.

The Court has reviewed the remainder of the challenges to the factual sections in the Amended Complaints and finds them to be without merit.[3] Many of the new paragraphs at least obliquely bolster a claim for voter confusion—the substance of the as-applied challenge currently before the Court. The Court therefore declines to strike paragraphs 13, 17–24, 26, or 31 in the Democratic Party's First Amended and Supplemental Complaint. The Court similarly declines to strike paragraphs 5, 18–20, 23–27, 29, 34, or 36–38 in the Republican Party's Supplemental and Amended Complaint. The Court takes no issue with the new factual allegations in the Libertarian Party's complaint that are woven into, or contained entirely in, the summary of action, or in paragraphs 7–21, 23–27, 28–32, or 34–35.

### D. Miscellaneous Additional Claims

The Republican and Democratic Parties political parties added a paragraph to their "forced association" section that alleges that I-872 is unconstitutional because it "permits voters who are not adherents of the [] Party to elect directly officers of the Party and indirectly to select higher officials of the Party and its nominees to fill vacancies in partisan office . . ." (Dkt. No. 218 at 47, Dkt. No. 206 at 19.) The parties included additional paragraphs on voter confusion in that section as well. The Court declines to strike those paragraphs because nothing in the Supreme Court's opinion suggests that forced-association claims could not be made in

---

[3] For example, the factual allegations dealing with trademark are still appealable at least once. The Court recognizes that pleading amendments that happened *after* the Court's Order dismissing the trademark claims may not be appealable, but the Court finds this issue not to be squarely presented before the Court for decision on this particular motion.

ORDER
PAGE - 8

an as-applied challenge. The Court therefore declines to strike Paragraph 51 in the Democratic Party's First Amended and Supplemental Complaint, nor will the Court strike Paragraph 58–59 in the Republican Party's Supplemental and Amended Complaint. Nor does the Court find good cause to strike paragraphs alleging deprivation of civil rights, and therefore declines to strike any new material contained in paragraphs 37–40 in the Democratic Party's First Amended and Supplemental Complaint, or any material contained in paragraphs 44–46 of the Republican Party's Supplemental and Amended Complaint.

### E. Prayers for Relief

The Court's admonitions regarding the prospective amended complaints' prayers for relief were the most specific requirements in the Court's prior Order. The Court previously found that it was "imperative that Plaintiffs be granted leave to amend in order to clarify their specific challenges to the current implementation." (Order 20 (Dkt. No. 184).) Because of this need, the Court noted that it was "important that Plaintiffs' amended pleadings are updated to reflect not only their specific challenges to the State's implementation of I-872 but also the specific relief they request to remedy those challenges." (*Id.*) The Court specifically drew the parties' attention to the fact that their requested relief was no longer available, indicating that the parties should amend their prayers for relief to reflect more specific challenges.

The Democratic Party added paragraph 8 to its Prayer for Relief. That section requests broad relief, and is materially identical to the Republican Party's added paragraph 8. The Libertarian Party's prayers for relief differ, and are less specific and less different from their original prayers for relief. Nonetheless, for all three parties, the Court does not find the additional paragraphs to be egregiously out of step with the Court's requirements in its prior Order. The Court simply will not take this opportunity to require any party to plead more artfully, which seems to be what the Defendant-Intervenors are requesting.

There is an abiding problem with Republican Party's prayers for relief, however. Unlike the Democratic Party, which amended its complaint to remove similar claims, the

ORDER
PAGE - 9

1  Republican Party's complaint continues to request relief in the form of "[d]eclaring Initiative
2  872 unconstitutional for violating Article II, Section 37 of the Washington State Constitution."
3  (Dkt. No. 206 at 22.) The Court unequivocally denied leave to amend to include those claims.
4  (Order 21–24 (Dkt. No. 184).) Parties may not simply ignore the Court's denial of their motion
5  to amend on this point. The Court therefore STRIKES paragraph 7 of the Prayer for Relief in
6  the Republican Party's Amended Complaint, because it is immaterial within the meaning of
7  Federal Rule of Civil Procedure 12(f). *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.
8  1993), *rev'd on other grounds,* 510 U.S. 517 (1994).

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES the Motions to Strike the Democratic Party's Amended Complaint (Dkt. Nos. 211, 212), DENIES IN PART and GRANTS IN PART the Motions to Strike the Republican Party's Amended Complaint (Dkt. Nos. 213, 214), and GRANTS the Libertarian Party's Motion to Amend (Dkt. No. 207).

DATED this 9th day of March, 2010.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 10