# United States District Court
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE REPUBLICAN PARTY, BERTABELLE HUBKA, STEVE NEIGHBORS, MARCY COLLINS, MICHAEL YOUNG, DIANE TEBELIUS, MIKE GASTON,<br><br>        Plaintiffs,<br><br>  and<br><br>WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE, PAUL BERENDT,<br><br>        Plaintiff-Intervenors,<br><br>  and<br><br>LIBERTARIAN PARTY OF WASHINGTON STATE, RUTH BENNETT, J. S. MILLS,<br><br>        Plaintiff-Intervenors,<br><br>  v.<br><br>WASHINGTON STATE GRANGE,<br><br>        Defendant-Intervenor,<br><br>  and<br><br>STATE OF WASHINGTON, ROB MCKENNA, SAM REED,<br><br>        Defendant-Intervenors. | **JUDGMENT IN A CIVIL CASE**<br><br>Case No. C05-0927-JCC |

\_\_     **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

X      **Decision by Court**. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THE FOLLOWING:

Put simply, Washington's implementation of I-872 with respect to partisan offices is constitutional because the ballot and accompanying information concisely and clearly explain that a candidate's political-party preference does not imply that the candidate is nominated or endorsed by the party or that the party approves of or associates with that candidate. These instructions—along with voters' ability to understand campaign issues and the fact that the voters themselves approved the new election system through the initiative process—eliminate the possibility of widespread voter confusion and with it the threat to the First Amendment. The reasonable, well-informed electorate understands that the primary does not determine the nominees of the political parties but instead serves to winnow the number of candidates to a final list of two for the general election.

On the other hand, Washington's method of electing precinct committee officers is unconstitutional because it severely burdens the political parties' ability to identify and associate with members of their respective parties. Precinct committee officers are grassroots representatives of the political parties, yet all voters, regardless of party affiliation, receive the same candidate ballot and have an opportunity to elect those officers. The political parties have a right to object to Washington's method of determining party affiliation for these officers, and Washington has not shown that its interests in using this system outweigh the First Amendment's special associational protections.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Washington's and the Grange's motions for summary judgment (Dkt. Nos. 239, 249). The Court likewise GRANTS IN PART and DENIES IN PART the Democratic and Republican Parties' motions for partial summary judgment (Dkt. Nos. 247, 250). The Court STRIKES the trial date. The Court DENIES AS MOOT Washington's motion to strike certain witnesses (Dkt. No. 287).

Dated this 20th day of January 2011.

WILLIAM M. McCOOL, Clerk of Court

By     /s/ *T. Farrell*
       Deputy Clerk